**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)_____ELAINE L. CHAO V. SYNERGY CAPITAL GROUP, INC._____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.    (See local rule 40.1(a)(1)).

   ___    I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _x_    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                     740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___    III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                    315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                    380, 385, 450, 891.

   ___    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                    690, 810, 861-865, 870, 871, 875, 900.

   ___    V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                           YES ☐      NO **X**☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?    (See 28 USC §2403)
                           YES ☐      NO **X**☐

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                           YES ☐      NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                           YES ☐      NO **X**☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                           YES X☐      NO ☐

     A.    If yes, in which division do all of the non-governmental parties reside?

        Eastern Division  X☒        Central Division ☐        Western Division ☐

     B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                           YES ☐      NO X☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _____John S. Casler_____

ADDRESS ___U.S Department of Labor, Office of the Solicitor, JFK Federal Bldg., Rm. E-375, Boston, MA 02203_____

TELEPHONE NO. _____617-565-2500_____

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor

**DEFENDANTS**

SYNERGY CAPITAL GROUP, INC. and
DANA CHILES

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____ **Bristol**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John S. Casier, Esquire
U.S. Department of Labor, Office of the Solicitor
JFK Federal Bldg., Room E-375, Boston, MA 02203
617-565-2500

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product   Med. Malpractice | [ ] 625 Drug Related Seizure | [ ] 423 Withdrawal | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability / [ ] 365 Personal Injury — | of Property 21 USC 881 |   28 USC 157 | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &   Product Liability | [ ] 630 Liquor Laws | | [ ] 460 Deportation |
| & Enforcement of | Slander / [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 470 Racketeer Influenced and |
| Judgment | [ ] 330 Federal Employers'   Injury Product | [ ] 650 Airline Regs. | [ ] 820 Copyrights | Corrupt Organizations |
| [ ] 151 Medicare Act | Liability   Liability | [ ] 660 Occupational | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 152 Recovery of Defaulted | [ ] 340 Marine   **PERSONAL PROPERTY** | Safety/Health | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ |
| Student Loans | [ ] 345 Marine Product / [ ] 370 Other Fraud | [ ] 690 Other | | Exchange |
| (Excl. Veterans) | Liability / [ ] 371 Truth in Lending | | | [ ] 875 Customer Challenge |
| [ ] 153 Recovery of Overpayment | [ ] 350 Motor Vehicle / [ ] 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| of Veteran's Benefits | [ ] 355 Motor Vehicle   Property Damage | [x] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 160 Stockholders' Suits | Product Liability / [ ] 385 Property Damage | Act | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury   Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 195 Contract Product Liability | | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | [ ] 730 Labor/Mgmt.Reporting | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of |
| | | & Disclosure Act | | Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee |
| [ ] 220 Foreclosure | [ ] 442 Employment   Sentence | | | Determination |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/   Habeas Corpus: | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff | Under Equal Access to |
| [ ] 240 Torts to Land | Accommodations / [ ] 530 General | | or Defendant) | Justice |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. | [ ] 871 IRS—Third Party | [ ] 950 Constitutionality of |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights / [ ] 540 Mandamus & Other | Security Act | 26 USC 7609 | State Statutes |
| | / [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| | / [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.) To enjoin defendants from violating the provisions of sections 7 and 11 of the Fair Labor Standards Act of 1938, as amended (29 USC Sec.201 et seq.), and to recover unpaid wages and liquidated damages pursuant to the provisions of sections 15(a)(2) and 16(c) of the Act.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE 12/16/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

;CANNED

)ATE 2,|0

BY: Tom

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

**04 12661 RCL**

M Bowler

```
* * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO, Secretary of Labor,      *
    United States Department of Labor,   *
                                         *
                    Plaintiff,           *
                                         *
            v.                           *
                                         *
SYNERGY CAPITAL GROUP, INC.              *
    and DANA CHILES                      *
                Defendants.              *
* * * * * * * * * * * * * * * * * * * * * * *
```

CIVIL ACTION

FILE NO.

RECEIPT #
AMOUNT $150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Tom
DATE 12|20|04

### COMPLAINT

Plaintiff brings this action to enjoin defendants from violating the provisions of sections 7 and 11 of the Fair Labor Standards Act of 1938, as amended (29 USC §201, *et seq*.), hereinafter called the Act, and to recover unpaid wages and liquidated damages pursuant to the provisions of sections 15 (a) (2) and 16 (c) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by section 17 of the Act and by 28 USC 1345.

II.

Defendant Synergy Capital Group, Inc. is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 274 Broadway, Taunton, Massachusetts within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a rental property management business.

III.





Defendant Dana Chiles resides at 3 Equestrian Way, Berkley, Massachusetts, within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, principal owner and operating officer of the aforesaid corporation and as such actively manages, supervises and directs the business affairs and operations of said corporation. This defendant has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

IV.

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of section 3(r) of the Act.

V.

At all times hereinafter mentioned, defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s).

X.

Defendants have willfully and   repeatedly violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

XI.

Defendants have willfully and repeatedly violated and are violating the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

XII.

During the period since August 3, 2002 defendants have willfully and repeatedly violated and are violating the aforesaid provisions of the Act, as alleged, and a judgment enjoining such violation is expressly authorized by section 17 of the Act.

WHEREFORE, cause having been shown, plaintiff prays judgment permanently enjoining and restraining defendants, their agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, from violating the provisions of sections 7 and 11 of the Act, and costs.

XIII.

During the period since August 3, 2002, defendants have willfully and repeatedly violated and are violating the aforesaid provisions of the Act. An award of actual and liquidated damages is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown, plaintiff demands judgment ordering payment of unpaid wages found by the Court to be due the employees listed in attached Exhibit "A" plus

an equal amount as liquidated damages, and costs.

Post Office Address:

U.S. Department of Labor
Office of the Solicitor
JFK Federal Bldg., Room E-375
Boston, MA  02203
TEL:  617-565-2500
FAX:  617-565-2142

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

John S. Casler
Deputy Regional Solicitor
BBO #078060

U.S. Department of Labor
Attorneys for Plaintiff

## EXHIBIT A

Alden, Megan

Allen, Kevin

Andrade, Jenny

Barnes, Ted

Blea, Terence

Dumont, Michael

Garcia, Bruce

Hill, James

Hunter, Lawrence

MacLaren, Christina

Miozza, Crystal

Ramos, Jillyan

Robinson, Rosemary

Rodrigues, Corinne

Sampson, Philip

Santos, Henry

Smith, Richard

Stone, Latisha

Teixeira, Rita

Tellia, Michelle